**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MENCHIES GROUP, INC.**<br>***Plaintiff,***<br><br>**VS.**<br><br>**MASSACHUSETTS BAY INSURANCE COMPANY d/b/a THE HANOVER INSURANCE COMPANY; HOUSTON CASUALTY COMPANY**<br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO . _____________** |

**DEFENDANT'S, MASSACHUSETTS BAY INSURANCE'S, NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant, MASSACHUSETTS BAY INSURANCE COMPANY (incorrectly named as "MASSACHUSETTS BAY INSURANCE COMPANY d/b/a THE HANOVER INSURANCE COMPANY") ("Mass Bay" or "Defendant"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows:

## I. PROCEDURAL HISTORY

1. On March 18, 2022, Plaintiff, Menchies Group, Inc. ("Plaintiff"), filed its Original Petition and initiated an action against Defendants, Mass Bay and Houston Casualty Company ("HCC"), in the 55th Judicial District Court of Harris County, Texas, in Cause No. 2022-16765 (the "State Court Action"). See Exhibit "A" attached hereto and incorporated herein by reference.

2. The Defendants were both served with a copy of the Citation and Plaintiff's Original Petition on March 21, 2022. See Exhibits "B" and "C" attached.

3. Defendant Mass Bay's Notice of Removal was filed on April 15, 2022, which is within the thirty-day statutory time period for removal under 28 U.S.C. § 1446(b)(3).

## II. FACTUAL BACKGROUND

4. Defendant Mass Bay issued Policy No. ZDHO2515100 to Menchies Group Inc. effective August 28, 2019 until August 28, 2020 ("Mass Bay Policy"). The Mass Bay Policy had 10 specified locations listed as covered locations on the policy, only one of which is in Texas. Plaintiff made claims against Mass Bay and Houston Casualty for coverage for under its policies for damages and losses resulting from SARS-CoV-2 and/or COVID-19. Mass Bay denied Plaintiff's claim because the damages Plaintiff incurred were not the result of direct physical loss or damage due to a covered cause of loss and because of the virus exclusion, under the plain language of the Mass Bay policy. Plaintiff then filed the suit for declaratory judgment and breach of contract made the basis of this removal. Plaintiff asserts that both its policies cover all of its losses at its scheduled locations.

## III. DIVERSITY JURISDICTION

5. Plaintiff, Menchies Group, Inc., is a corporation incorporated in California with its primary place of business in California.

6. Defendant, Mass Bay, is an insurer incorporated under the laws of New Hampshire and with its principal place of business in the Commonwealth of Massachusetts, and thus is a citizen of both those states.

7. Defendant, Houston Casualty Company ("Houston Casualty"), is a Texas corporation with its primary place of business in Houston, Texas. However, Houston Casualty's citizenship should be disregarded because Plaintiff improperly joined it as a party for the sole purpose of defeating diversity citizenship and there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against Houston Casualty. Houston Casualty consents to the removal.

***Amount in Controversy***

8. Plaintiff has not specified an amount in controversary, however in paragraph 10 of Plaintiff's Original Petition, it states that "Menchies has suffered millions of dollars in loss and damage."[1] Thus, the total economic damages and attorneys' fees being sought exceeds the $75,000 jurisdictional minimum amount in controversy.

***Improper Joinder of Houston Casualty Company - Mandatory Forum Provision***

9. Defendant Houston Casualty was improperly joined in this matter, as the Court does not have jurisdiction over it. Pursuant to the Policy, attached to the Plaintiff's Original Petition as Exhibit A, the policy says the following:

> 6.8 **CHOICE OF LAW AND FORUM**
>
> The construction, validity and performance of this Policy will be governed by the laws of the country or state specified for the purpose in the declarations. The *Insurer* and the *Insured* hereby expressly agree that all claims and disputes will be litigated in the court or courts specified for the purpose in **Item 13.** of the Declarations.

Further, Item 13 of the Declarations states the following:

| **Law & Forum:** | New York<br>Southern District of |
|---|---|

Upon execution of the contract, the parties agreed upon the forum-selection clause. When parties agree to a forum-selection clause, the defendant can assert that the choice of venue does not comply with the valid, enforceable clause.[2] Clauses are enforceable if they are: reasonably communicated, mandatory, and apply to the claims and parties involved in the suit.[3]

---

1 Plaintiff's Original Petition, p.10.

2 *See Slater v.* Energy *Servs. Grp. Int'l*, 634 F.3d 1326, 1330-31 (11th Cir. 2011) and *Simonoff v. Expedia, Inc.* 643 F.3d 1202, 1205-06 (9th Cir. 2011).

3 *Martinez v. Bloomberg LP*, 740 F 3d 211 (2d Cir. 2014).

10. In the matter before this Court, the specific law and forum were located on the declarations page of the policy.[4] The forum was not inconspicuous. The clause in this matter was also mandatory. The language was not permissive, but clearly mandatory.[5] A clause is mandatory if it states that a suit must be brought in a specified, exclusive forum, as in this matter.[6] The policy does not have any language which could be considered permissive, such as "may be brought."[7] Finally, the forum-selection must apply to the parties in question.[8] Pursuant to Plaintiff's Original Petition, Plaintiff was the Insured on the Houston Casualty policy that is the subject of this matter. Thus, the Forum-Selection Clause is enforceable and Defendant Houston Casualty never should have been sued in Texas having been improperly joined in this matter.

***Improper Joinder of Houston Casualty Company - No Viable Claim Against Houston Casualty***

11. As an additional grounds, Defendant Houston Casualty is improperly joined because Plaintiff does not state a viable claim against it. Improper joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal.[9] If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes.[10] It is well-settled that the right to remove a civil action upon the basis of diversity jurisdiction cannot be defeated by the improper joinder of a resident defendant having no real connection with the controversy.[11] Thus, when determining whether diversity jurisdiction exists,

---

4 Plaintiff's Original Petition, at Exhibit "B."

5 *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1. 15 (1972).

6 *Weber v.* PACT *XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2008).

7 *Rivera v. Centro Medico De Turabo, Inc*., 575 F.3d 10, 17 (1st Cir. 2009).

8 *Sabal Ltd. v. Deutsche Bank AG*, 209 F.Supp.3d 907, 919 (W.D. Tex. 2016).

9 *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

10 *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).

11 *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

courts shall disregard the citizenship of improperly joined defendants.[12] The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court.[13]

12. Despite claims to the contrary, Houston Casualty's Restaurant Recovery Policy is not an "all risk policy."[14] It is a specified-loss policy covering only four, specified losses, and the only claimed coverage by the Plaintiff is under Accidental Contamination. Pursuant to the policy:

> **1. INSURED EVENTS**
>
> The *Insurer* will reimburse the *Insured* for its Loss in excess of the Deductible, but not exceeding the limits or sub-limits of liability stated in the Declarations, caused by or resulting from any of the following *Insured Events* first discovered during the Policy Period and reported to the *Insurer,* in accordance with 6.20 Notice of an Incident . . . .
>
> **1.1 ACCIDENTAL CONTAMINATION**
>
> Any accidental or unintentional contamination, impairment or mislabeling of an *Insured Product(s),* which occurs during or as a result of its production, preparation, manufacture, packaging or distribution -- provided that the use or consumption of such *Insured Product(s)* has resulted in or would result in clear, identifiable, internal or external visible physical symptoms of bodily injury, sickness, disease or death of any person(s), within three hundred and sixty five (365) days following such consumption or use.

Furthermore, "Insured Product(s)" is a defined term under section 3.11 of Houston Casualty's policy that essentially defines the Insured Product as "ingestible products for human consumption," and not real property.

---

12 *Tedder*, 590 F.2d at 117.

13 *Id.*

14 *See* Plaintiff's Original Petition at ¶1 and Exhibit A the Houston Casualty policy. Because Houston Casualty's policy is not an "all risk" policy, it is Plaintiff's burden to show coverage – not the insurers' burden to show that exclusions apply – contrary to Plaintiff's allegations in ¶¶ 139, 147.

13. The Petition itself only addresses Houston Casualty's policy specifically in ¶¶ 136-141 and these references are purely conclusory statements of coverage. Plaintiff states that "for the reasons described above, the direct physical loss of and damage to Menchies' properties has triggered the coverages contained in the 'Accidental Contamination'" of Houston Casualty's policy.[15] However, this is never shown in the paragraphs above. Aside from Plaintiff stating the possibility that the virus was in the air at their locations and the possibility of fomites being present, Plaintiff never alleges that the SARS-CoV-2 virus was in the food, that there had been a contamination of food by the virus, or that anyone had ingested contaminated food and became clearly and identifiably ill with COVID-19 from ingesting the Insured's Product which would be necessary to trigger coverage. Accordingly, this is an additional reason showing Houston Casualty is improperly joined to this case as "there is no reasonable basis for the district court to predict that Plaintiff might be able to recover" against Houston Casualty.[16] Conclusory allegations are insufficient to prevent removal due to improper joinder. [17]

14. Removal jurisdiction is determined by looking to the claims and specific facts alleged, or lack thereof, in plaintiff's petition as they exist at the time of removal.[18] Just mentioning a defendant and then failing to state specific actionable conduct against him does not suffice to state a claim.[19] The Fifth Circuit has affirmed the finding of improper joinder when a plaintiff's petition alleges no actionable facts specific to the individual defendant. In *Griggs*, the only conduct alleged in the petition on the part of the insurance agent defendant was that he issued the policy; the rest of the pleading referred to conduct by the "Defendants" that could in no way

[15] *Id*. at ¶ 137.
[16] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[17] *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).
[18] See *Cavallini v. State Farm. Mut. Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir. 1995).
[19] *See Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999).

be attributed to the agent.[20] In *Cavallini*, after recounting the petition, which mentioned the individual defendant only in the introduction and service of process paragraph and thereafter made allegations against only the defendant insurance company or "Defendants," the Court stated simply: "No more need be said. As reflected above, the complaint fails to state a claim" against the individual.[21]

15. In this case, Plaintiff has alleged that Houston Casualty failed to pay its claims under the Restaurant Recovery Policy, thus, also breaching its contract for the same. All of Plaintiff's allegations are against "all risk policies." Plaintiff erroneously characterizes the Houston Casualty Policy as "all risk," without merit or basis for the same, thus it has made no allegations against it. Plaintiff's allegations are merely conclusory statements that its loss is covered. This circuit has repeatedly held that conclusory allegations are insufficient to preclude removal due to improper joinder.[22]

16. Because Plaintiff has failed to state a recoverable claim against Houston Casualty, Houston Casualty's citizenship should be disregarded for purposes of determining diversity jurisdiction.

## IV. INFORMATION FOR THE CLERK

17. Plaintiff: Menchies Group, Inc.

18. Defendants: Massachusetts Bay Insurance Company and Houston Casualty Company.

---

[20] *Id*. at 699.

[21] *Cavallini,* 44 F.3d at 260-61 & n. 8.

[22] *See Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 542 (5th Cir. 2004); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, *4 (N.D. Tex. 05/22/2009) (in which Judge McBryde of the Northern District denied plaintiff's motion to remand finding that plaintiff had no reasonable basis of recovery against the adjuster defendant based upon pleadings which just recited statutory provisions and failed to meet even Texas' liberal pleadings standard for fair notice).

19. The case is pending in the state court of Harris County:

55th Judicial District Court
Judge Latosha Lewis Payne
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, Texas 77002
Phone: (832) 927-2650

20. A civil cover sheet is attached.

21. A copy of Plaintiff's Original Petition with its exhibits is attached as Exhibit A**.**

22. A copy of the citation of service on Defendant Mass Bay is attached as Exhibit B.

23. A copy of the citation of service on Defendant Houston Casualty is attached as Exhibit C.

24. A copy of the state court's docket sheet is attached as Exhibit D.

25. A copy of the Notice of Removal filed in State Court is attached as Exhibit E.

26. An index of matters is attached.

27. There are no other pleadings in state court.

28. Counsel for Plaintiff, MENCHIES GROUP, INC.:
J. James Cooper
REED SMITH, LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Phone: 713.469.3862
Email: jcooper@reedsmith.com
~and~
John W. Houghtaling, II [Pro Hac Vice pending]
Jennifer Perez
GAUTHIER MURPHY & HOUGHTALING, LLC
3500 N. Hulen Street
Metairie, LA
Phone: 504.456.8600
Emails: john@gmhatlaw.com
jennifer@gmhatlaw.com

29. Counsel for Defendant, MASSACHUSETTS BAY INSURANCE COMPANY.:

Peri H. Alkas
Mark Dodart
PHELPS DUNBAR LLP
One Shell Plaza
910 Louisiana Street; Suite 4300
Houston, Texas 77002
Phone: 713-626-1386
Emails: peri.alkas@phelps.com
mark.dodart@phelps.com

30. Counsel for Defendant, HOUSTON CASUALTY COMPANY:
Neel Lane
NORTON ROSE FULBRIGHT
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Phone: 210-270-7170
Email: neel.lane@nortonrosefulbright.com

***Jury Demand***

31. Plaintiff demanded a jury trial in state court.

32. Defendant, Mass Bay, requests a trial by jury in federal court as well.

***Miscellaneous***

33. On the same day this Notice of Removal was filed, Mass Bay filed notice of this removal in the State Court Action. A copy of this Notice of Removal filed in the State Court Action is attached as Exhibit E.

34. Because Plaintiff is incorporated in California, with its principal place of business in the same; Defendant Mass Bay is incorporated in New Hampshire with its principal place of business in Massachusetts; and Defendant Houston Casualty is improperly joined because of its selection-forum clause and also Plaintiff's absolute lack of supportable claims asserted against it and the amount in controversy exceeds $75,000; this Honorable Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

## PRAYER

WHEREFORE, Defendant, Massachusetts Bay Insurance Company, respectfully requests that the above entitled action be removed from the 55th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *_/s/ Peri H. Alkas_*

Peri H. Alkas
Texas Bar No. 00783536
Federal Bar No. 15785
ONE SHELL PLAZA
910 Louisiana Street; Suite 4300
Houston, Texas 77002
Telephone: 713 626 1386
Facsimile: 713 626 1388
Email: peri.alkas@phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, MASSACHUSETTS BAY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument has been served on all counsel of record via the methods indicated below and pursuant to the Federal Rules of Civil Procedure on April 15, 2022.

J. James Cooper
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
*COUNSEL FOR PLAINTIFF*

VIA E-FILE:
jcooper@reedsmith.com

John W. Houghtaling, II
Jennifer Perez
GAUTHEIR MURPHY & HOUGHTALING, LLC
3500 N. Hulen Street
Metairie, LA
*PRO HAC VICE COUNSEL FOR PLAINTIFF*

VIA E-FILE:
john@gmhatlaw.com
jennifer@gmhatlaw.com

Neel Lane
NORTON ROSE FULBRIGHT
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Counsel *FOR HOUSTON CASUALTY COMPANY*

VIA E-FILE:
neel.lane@nortonrosefulbright.com

*/s/ Peri H. Alkas*
Peri H. Alkas