**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MENCHIES GROUP, INC.,

Plaintiff,

vs.

MASSACHUSETTS BAY INSURANCE COMPANY and HOUSTON CASUALTY COMPANY,

Defendants.

Case No. 1: 22-cv-04237-MKV

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

John N. Ellison
Anthony B. Crawford
599 Lexington Avenue
New York, NY 10022
jellison@reedsmith.com
acrawford@reedsmith.com
(212) 205-6063

*Attorneys for Plaintiffs, Menchies Group, Inc.*

# TABLE OF CONTENTS

**Page**


I. BACKGROUND .......... 1

II. ARGUMENT .......... 2

A. Multiple Claims and Multiple Parties Are Involved in this Case .......... 3

B. The Court's Order Granting Mass Bay's Motion To Dismiss Is a "Final Judgment" Under Rule 54(b) .......... 3

C. There Is No "Just Reason" To Delay Entry of Final Judgment of the Order .......... 4

III. CONCLUSION .......... 4

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Avondale Indus., Inc. v. Travelers Indem. Co.*,
887 F.2d 1200 (2d Cir. 1989)....................3

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978)....................3

*Crespo v. Carvajal*,
17-cv-6329, 2021 U.S. Dist. LEXIS 179149 (E.D.N.Y. Sept. 14, 2021)....................4

*Curtiss-Wright Corp. v. General Elec. Co.*,
446 U.S. 1 (1980)....................3, 4

*Ginett v. Computer Task Grp., Inc.*,
962 F.2d 1085 (2d Cir. 1992)....................2, 3, 4

*IUE AFL-CIO Pension Fund v. Herrmann*,
9 F.3d 1049 (2d Cir. 1993)....................2

*Seat Sack, Inc. v. Childcraft Educ. Corp.*,
07-cv-3344, 2010 U.S. Dist. LEXIS 45055 (S.D.N.Y. May 7, 2010)....................2

*Suez Water New York Inc. v. E.I. du Pont de Nemours & Corp.*,
20-cv-10731, 2023 U.S. Dist. LEXIS 75599 (S.D.N.Y. May 1, 2023)....................4

### Statutes

28 U.S.C. § 1291....................2

### Rules

Fed. R. Civ. P. 54(b)....................1, 2, 3, 4

Plaintiff Menchies Group, Inc. ("Menchies") respectfully submits this Memorandum of Law in Support of Menchies' Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b). Defendant Houston Casualty Company does not oppose this motion.

## I. BACKGROUND

On March 18, 2022, Menchies filed its Complaint against Defendants Massachusetts Bay Insurance Company ("Mass Bay") and Houston Casualty Company ("HCC"), seeking payments for business losses resulting from COVID-19 and related government restrictions in Harris County, Texas (the "Menchies' Claim"). *See* Original Petition for Declaratory Judgment and Breach of Contract [ECF No. 1-3]. On April 15, 2022, Mass Bay removed the action to the United States District Court of the Southern District of Texas. *See* Notice of Removal [ECF No. 1]. On May 19, 2022, the Parties jointly moved to transfer the case to the Southern District of New York, *see* Joint Motion to Transfer [ECF No. 3], and the motion was granted on May 23, 2022, by Chief Judge Rosenthal. *See* Order [ECF No. 4].

The Defendants separately moved to dismiss Menchies' Claim. *See* Mass Bay's Motion to Dismiss [ECF No. 25]; Mass Bay's Memorandum of Law in Support [ECF No. 26]; HCC's Motion to Dismiss [ECF No. 21]; HCC's Memorandum of Law in Support [ECF No. 22]. Menchies separately opposed both motions to dismiss. *See* Memorandum of Law in Opposition [ECF No. 29]; Memorandum of Law in Opposition [ECF No. 28]. On August 31, 2023, this Court granted Mass Bay's motion to dismiss and granted HCC's motion to dismiss in part and denied HCC's motion to dismiss in part. *See* Memorandum Opinion and Order [ECF No. 34].

As to Mass Bay, this Court held that Menchies did not plausibly allege that it experienced direct physical loss or damage to property, that the virus exclusion barred coverage, and that Menchies did not allege food contamination under the Policy. *Id*. at 6-15. This Court found that

Menchies was not entitled to coverage under the Mass Bay Policy and granted Mass Bay's motion to dismiss, which terminated Mass Bay as a defendant in this case. *Id*. at 18. However, this Court held that Menchies did allege a covered loss under the HCC Policy and denied HCC's motion to dismiss the breach of contract claim Menchies asserted against HCC. *Id*. at 16-18.

On September 25, 2023, Menchies filed a Notice of Appeal, appealing that portion of the Order dismissing its claims against Mass Bay. Menchies now seeks an entry of final judgment under Rule 54(b), *nunc pro tunc*, to allow Menchies to pursue its appeal.

## II. ARGUMENT

Rule 54(b) empowers a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" when "the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Courts have also acknowledged that "the lack of certification at the time the notice of appeal is filed is not necessarily fatal, because the district court may subsequently issue the certificate, thus establishing appellate jurisdiction *nunc pro tunc*." *Seat Sack, Inc. v. Childcraft Educ. Corp.*, 07-cv-3344, 2010 U.S. Dist. LEXIS 45055, at *4-5 (S.D.N.Y. May 7, 2010). Indeed, the Second Circuit noted that "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054-55 (2d Cir. 1993)

In order to direct entry of judgment, Rule 54(b) requires that: "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

The Court's discretion "is to be exercised 'in the interest of sound judicial administration.'" *Id.* at 1092 (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). Here, the rule's prerequisites are satisfied, and the equities support the conclusion that a Rule 54(b) order should issue.

**A. Multiple Claims and Multiple Parties Are Involved in this Case**

As to the first requirement, in its Memorandum Opinion, this Court stated as follows:

> Defendant HCC's Restaurant Recovery Policy does *not* address losses resulting from property damage or lost business income. Instead, HCC's Policy insures Menchies against losses "caused by or resulting from ... Accidental [Food] Contamination." The Mass Bay and HCC Policies provide separate and distinct coverage and appear designed to complement one another.

Dkt No. 34 at p. 15.

Here, the claims against Mass Bay and HCC are separable because "they involve at least some different questions of fact and law and could be separately enforced." *Avondale Indus., Inc. v. Travelers Indem. Co.*, 887 F.2d 1200, 1203 (2d Cir. 1989). Thus, because Menchies clearly alleged distinct claims against two different insurers, this factor is satisfied.

**B. The Court's Order Granting Mass Bay's Motion To Dismiss Is a "Final Judgment" Under Rule 54(b)**

As for the second requirement, although Menchies' complaint contains claims against both Mass Bay and HCC, the Order resolves only the coverage issues with respect to Mass Bay and its policy. An order is "final" if it "ends the litigation of that claim on the merits and leaves nothing for the court to do but execute the judgment entered on that claim." *Ginett*, 962 F.2d at 1092 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). The Order thus meets Rule 54(b)'s finality requirement because it is an "ultimate disposition" of all the "cognizable"

claims against Mass Bay "entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7. Accordingly, the Court's Order meets Rule 54(b)'s "final judgment" requirement.

### C. There Is No "Just Reason" To Delay Entry of Final Judgment of the Order

Finally, as to the third requirement, there is no "just reason" to delay in entering final judgment as to the claims against Mass Bay. The outstanding issues that remain before the Court concern the coverage available under the HCC Policy. This Court specifically opined that the two insurance policies at issue "provide separate and distinct coverage." *See* Dkt No. 34 at p. 15 (noting that "HCC Policy is significantly broader than Mass Bay's Food Contamination coverage"). Granting this motion would be "sound judicial administration" and will give "proper regard for the duties of both the district court and the appellate court." *Ginett*, 962 F.2d at 1095. Moreover, given this Court's finding that the two insurance policies at issue are separate and distinct, there is no need to be concerned that "two (or more) three-judge panels [would be required] to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Suez Water New York Inc. v. E.I. du Pont de Nemours & Corp.*, 20-cv-10731, 2023 U.S. Dist. LEXIS 75599, at *17 (S.D.N.Y. May 1, 2023) (quoting *Crespo v. Carvajal*, 17-cv-6329, 2021 U.S. Dist. LEXIS 179149, at *4 (E.D.N.Y. Sept. 14, 2021)). Indeed, considerations of fairness and judicial economy favor immediate appeal.

## III. CONCLUSION

The entry of final judgment under Rule 54(b) will effectuate the important policies of conserving judicial resources and foreclosing piecemeal appeals. Accordingly, there should be no reason to delay Menchies' appeal of the claims related to Mass Bay. Menchies respectfully requests that this Court enter a final judgment under Rule 54(b) *nunc pro tunc*.

Dated: October 10, 2023

REED SMITH LLP

By: _/s/John N. Ellison_

John N. Ellison
Anthony B. Crawford
599 Lexington Avenue
New York, NY 10022
jellison@reedsmith.com
acrawford@reedsmith.com
(212) 205-6063

*Attorneys for Plaintiffs, Menchies Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be filed a true and correct copy of the foregoing using this Court's ECF System, which will send notice of such filing on all counsel of record.

Date: October 10, 2023 *__/s/John N. Ellison*