USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENCHIES GROUP, INC.,

        Plaintiff,

vs.

MASSACHUSETTS BAY INSURANCE COMPANY and HOUSTON CASUALTY COMPANY,

        Defendants.

Case No. 1: 22-cv-04237-MKV

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 502(d), the following Protective Order is entered:

### Definitions

1. "Litigation" means the action captioned *Menchies Group, Inc. v. Massachusetts Bay Insurance Company and Houston Casualty Company.*, No. 1: 22-cv-04237-MKV, in the United States District Court for the Southern District of New York.

2. "Menchies" means Menchies Group, Inc.

3. "HCC" means Houston Casualty Company.

4. "Parties" means Menchies and HCC. Each of Menchies and HCC is a "Party" for purposes of this Protective Order.

5. "Discovery Request" means the use by a Party of any method provided for in the Federal Rules of Civil Procedure for making a formal request for information from another Party or third-party in connection with the Litigation, and includes (a) any formal document request, (b) any formal interrogatory, (c) any formal request for admission, (d) any subpoena or subpoena ducus tecum, any notice of deposition, and (f) any question asked during a deposition.

6. "Discovery Response" means all information (including documents and testimony) produced in response to any Discovery Request made in the Litigation, and includes Documents produced, objections asserted (including any associated privilege log), or answers or responses provided to any Discovery Request made in the Litigation.

7. "Document" or "Documents" includes all handwritten, typed, printed, or recorded matter (however produced or reproduced or stored); correspondence; letters; e-mail; any other form of communication (agreed to by the Parties); drawings; blueprints; schedules, plans, graphs; charts; photographs; videos; memoranda; facsimiles; records; summaries of personal conversations or interviews; books; statements; transcripts; court records or filings; logs; legal pleadings and papers; summaries or records of telephone conversations; diaries; journals; filings or reports submitted to any governmental entity; statistical statements; work papers; work orders; account records; bank records; bank statements; credit card statements or records; invoices; receipts; agendas; minutes or records of meetings or conferences; consultant reports; employment records; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; press releases; notes; lists; notices; surveys; advertising; all other sound recordings (agreed to by the Parties), however produced or reproduced; files; tests; results; plans; protocols; standards; calendars; logs; manuals; contracts; evaluations; and all data compilations from which information can be obtained.  This definition is intended to be and should be construed to be at least as broad as the description of "document" appearing in Fed. R. Civ. P. 34(a).  "Document" and "Documents" include all non-identical drafts and copies of the same document and all information stored in electronic format including, for example, on or in online data storage, databases, networks, computer systems, and servers.

8. "Privileged Information" means information, Discovery Responses, and Documents protected by the attorney-client privilege, the work-product doctrine or protection, or any other applicable privilege, protection, or immunity from discovery that otherwise would apply in this or any other action, arbitration, mediation, or court or agency proceeding.

9. "Protected Material" means information, Discovery Responses, and Documents designated as "CONFIDENTIAL" in this Litigation.

### Designation of Materials as "Confidential"

10. Any Party may designate as "CONFIDENTIAL" any information, Discovery Response, Documents, or any portions thereof, that it or a non-party discloses, produces, transcripts, or files in this Litigation, and that the designating Party believes in good faith contains confidential personal, trade secret, and/or commercial information, as those terms are defined under applicable law. "CONFIDENTIAL" information, Discovery Responses, or Documents shall not include those portions of the information, Discovery Responses, or Documents that: (i) are or become generally available to the public other than as a result of disclosure by a receiving Party; (ii) become available to a Party through disclosure outside the Litigation; or (iii) were in the possession of a Party prior to disclosure in the Litigation.  All designations of material as confidential shall be made in good faith and not for the purpose of obstructing the effective and efficient administration of justice.

11. Such designation shall be made (1) by typing or stamping on the face of such information, Discovery Responses, or Documents the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ," or (2) by otherwise designating information, Discovery Responses, or Documents as "CONFIDENTIAL" prior to the production of the information, Discovery Responses, or Documents in a manner that clearly advises that the information, Discovery

Responses, or Documents are to be treated as "CONFIDENTIAL."  In the case of information or documents produced by a non-party, the designation may be made by requesting that the non-party's information or Documents be stamped or identified in some other conspicuous and practicable fashion, stating:  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER per Designation of [Designating Party]".

12. In the event a Party does not designate as "CONFIDENTIAL" any information, Discovery Responses, Documents, or portions thereof at the time such information, Discovery Responses, Documents, or portion(s) thereof are disclosed, produced, or transcribed, such Party has not waived its right to later designate said information, Discovery Responses, Documents, or portions thereof as "CONFIDENTIAL," provided the Party notifies the other Parties in writing that such information, Discovery Responses, Documents, or portions thereof should have been designated as "CONFIDENTIAL" and undertakes to provide the other Parties with the information, Discovery Responses, Documents, or portions thereof that are being so designated marked. .

13. Any Documents or information produced by, or testimony given at a deposition by, a non-party will be treated as confidential by all Parties for a period of fourteen (14) days following the production of said Documents or information or following the deposition. Thereafter, such Documents, information, and testimony shall not be considered confidential unless so designated by a Party in accordance with Paragraph 11 to extend the 14-day period of presumptive confidentiality.

14. A Party does not waive its right to challenge a "CONFIDENTIAL" designation by electing not to challenge it after the 14-day period in Paragraph 13 above or after the original designation is disclosed.

**Challenging a "CONFIDENTIAL" Designation**

15. Any challenge to a Party's "CONFIDENTIAL" designation must be preceded by a conference call directly between counsel for the challenging Party and counsel for the Party that made the designation, unless counsel for the designating Party unreasonably delays the call from occurring, during which counsel for the respective Parties shall attempt, in good faith, to resolve the designation issue(s).

16. If, after a good faith effort to resolve a "CONFIDENTIAL" designation issue, the challenging Party elects to proceed with a challenge to the designation, the challenging Party must, within twenty-one (21) days of the telephone conference with the designating Party, serve in accordance with the federal and local rules a motion that identifies the challenged material (by bates number, if applicable) and sets forth in detail the basis for the challenge. Until this Court rules on the motion, the Parties shall treat the material as confidential. With respect to any material that ceases to be protected under this Protective Order, the designating party shall, at its expense, provide to each Party that so requests copies of the previously protected material from which all confidentiality legends previously affixed have been removed.

17. This Protective Order is not intended to govern the use of "CONFIDENTIAL" information, Discovery Responses, Documents, or testimony at any trial in the Litigation. Issues relating to the use of "CONFIDENTIAL" information, Discovery Responses, Documents, and testimony at trial will be resolved prior to the commencement of any trial.

18. Every person to whom "CONFIDENTIAL" information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the "CONFIDENTIAL" information, or information derived therefrom,

in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-party shall enclose a copy of this Stipulation and Order and notify the non-party that the protections of this Stipulation and Order are available to such nonparty. The Parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Stipulation and Order.

### Additional Restrictions

19. Any party who requests still further limits on disclosure (such as "attorneys' eyes only" treatment in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all affected Parties will convene a joint telephone call with the Court to obtain a ruling.

### Filing and Service of Documents

20. In the event that any Protected Material is disclosed in or contained within any document that any Party intends to file publicly in this Litigation, that Party shall notify the other Party and any non-party that designated the Protected Material as Confidential three (3) business days in advance of any such filing to afford the Parties opportunity to narrow the scope of any motion to seal. If it is not practical for the Party to provide three (3) business days notice prior to filing a document containing Protected Material in this Litigation, the Party may file the document including the Protected Material with the Court, provided that all Protected Material in any publicly filed version of the document shall be redacted or filed under seal in accordance with, and subject to, the Federal Rules of Civil Procedure, any local rules of the Court and the Individual Rules and Practices of any judge presiding over this Litigation. It shall be the burden of the Party who designated the Protected Material as confidential to demonstrate to the Court that redaction or sealing is necessary and narrowly tailored to maintain the confidential nature of the Protected Material. If the Court does not

grant leave to file the Protected Material under seal, the Parties shall promptly meet and confer in an effort to address how to best preserve the confidential status of the Protected Material.  Under no circumstances shall a non-filing Party thwart the meet and confer process to the detriment of the filing Party or use any delay in the meet and confer process or the Court's denial of the motion to file under seal to argue that the filing party did not timely file its substantive, procedural, or discovery motion or opposition thereto, or appropriately document the record in support of its motion.  If the Parties cannot resolve how to preserve the confidential status of the designated information and/or Document during the meet and confer process, the filing Party shall submit the matter to the Court for resolution of the confidentiality issue and/or to permit consideration by the Court through *in camera* review of the Protected Material sought to be filed.

### Confidentiality of Information Shared Among the Parties

21. All Protected Material shall be used solely for the purposes of the Litigation, including any mediation, arbitration, or alternative dispute resolution process connected with the Litigation, and in accordance with Paragraphs 23-24 herein.  Except as authorized by: (a) the provisions of Paragraphs 23-24 herein; (b) written permission of the Party that provided the designated Protected Material; or (c) order of this Court, no Protected Material may be used for any other purpose or outside the permitted scope of use according to its level of protection.  However, this Paragraph does not preclude use of any information or Documents possessed or obtained by any Party outside of this Litigation merely because the information or Document has been produced in this Litigation and has been marked "CONFIDENTIAL".

22. Subject to the terms, conditions, and restrictions on this Order, "CONFIDENTIAL" information, Discovery Responses, Documents, or testimony provided in the Litigation may be disclosed only to the following persons:

  **a.** The Parties and their respective counsel, including the members, partners, associates, and paralegal and clerical staff of the law firms of said counsel;

  **b.** Any officer(s), employee(s), agent(s), claim manager(s), claim consultant(s), auditor(s), or representative(s), parent(s) or affiliated company(ies) of the Parties;

  **c.** Reinsurers, retrocessionaires, insurers, indemnitors, and accountants of the Parties;

  **d.** This Court and any persons employed or appointed by this Court whose duties require access to any information in connection with the Litigation;

  **e.** Any governmental or regulatory body as required by law;

  **f.** Any mediator, arbitrator, or provider of alternative dispute resolution services retained by the Parties in connection with the Litigation;

  **g.** As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  **h.** Witnesses or potential witnesses in the Litigation, including any non-party witnesses, who are not referred to in subparagraphs (a) or (b) above;

  **i.** Experts, consultants, and private investigators retained, specially employed, or informally consulted by counsel concerning the subject matter of the Litigation and their secretarial, clerical, or other employees who are assigned to assist in the subject matter of the Litigation or for purposes of the retention, employment, or consultation pertaining to the Litigation;

  **j.** Court reporters and other persons involved in recording deposition testimony in the Litigation;

  **k.** Employees of copying services utilized with respect to the Litigation provided they return the materials and all copies thereof to the Party utilizing the service; and

  **l.** Litigation support vendors utilized with respect to the Litigation who are not referred to within subparagraphs (i) or (k) above.

23. Prior to any disclosure of Protected Material to any person referred to in subparagraphs 22(h), 22(i), and 22(l) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that the person has read the Order and agrees to be bound by its terms. Said

counsel shall retain each signed Non-Disclosure Agreement, and, upon request for good cause, produce it to counsel for any requesting Party either prior to such person being permitted to testify (at depositions or at trial) or at the conclusion of the case, except that non-testifying experts and other witnesses not called at trial or for deposition need not be disclosed.

24. Within sixty (60) days after the conclusion of the Litigation, including the exhaustion of all appeals, counsel for all Parties and third parties shall to the extent reasonably practicable return all Protected Material (other than exhibits at the official court of record) to the designating Party or shall use reasonable efforts to destroy the Protected Material.  Reasonably practicable steps to accomplish this will not be deemed to extend to the search, destruction, and/or alteration of computer media (recognizing that when material is "deleted" from computer media it may still be forensically recoverable until overwritten) or to the search, deletion, or alteration of backup media retained by any recipient for disaster recovery purposes.  To the extent that a party,  its counsel, experts, and/or consultants need to retain Protected Material for legitimate, ordinary course of business reasons, it may do so, but the Protected Material shall remain subject to this Order.

## Privileged Information and Inadvertent Production of Privileged Information

25. If a Party discloses information in connection with the pending Litigation that the Party thereafter claims to be Privileged Information, the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection of any kind that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

26. Upon discovery of the inadvertent production of Privileged Information, the producing Party must notify the receiving Party in writing within five (5) business days after such discovery that it has disclosed the Privileged Information without intending a waiver by the disclosure. The notification shall include as specific an explanation as possible why the Privileged Information is covered by the attorney-client privilege and/or any other applicable privilege and/or constitutes work-product.  Upon such notification, the receiving Party must—unless it contests the claim of attorney-client privilege or other privilege or protection in accordance with Paragraph 28—promptly notify the producing Party that it will take reasonable efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has.

27. If the receiving Party contests the claim of attorney-client privilege or other privilege or protection, the receiving Party must—within 30 days of receipt of the notification referenced in Paragraph 27—move the Court for an Order finding that the material referenced in the notification does not constitute Privileged Information.  The Party shall request to file this Motion under seal.  The Motion cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Privileged Information.  Pending resolution of the Motion, the receiving Party must not use the challenged information in any way or disclose it to any person other than those required to be served with a copy of the sealed Motion.

28. A receiving Party is under a good-faith obligation to notify the producing Party withing five (5) business days upon identification of a document which reasonably appears on its face or in light of facts known to the receiving Party to be potentially privileged.  Such notification shall not waive the receiving Party's ability to subsequently challenge any assertion of privilege with

respect to the identified document.  Failure by the receiving Party to notify the producing Party under this subsection where the receiving Party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order. Subsequent to notification by the receiving Party, the producing Party shall provide notice to the receiving Party within a reasonable time of notification if the producing Party believes the document to be Privileged Information.

29. The Parties may stipulate to extend the time periods set forth in Paragraphs 27 and 28 without further approval of the Court.

30. The producing Party retains the burden—upon challenge pursuant to Paragraph 28—of establishing the privileged or protected nature of the Privileged Information.

31. Nothing in this Protective Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

32. The Parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged Information. Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), such production shall not constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.

## **General Provisions**

33. Any summary, compilation, notes, electronic image, copy, or database containing Protected Material shall be subject to this Protective Order to the same extent as the Protected Material it contains or from which it derives.

34. Nothing in this Protective Order restricts a Party's use of its own information or Documents produced as or in a Discovery Response.  Nor shall this Protective Order bar counsel from rendering advice to his or her client with respect to the Litigation and, in the course thereof, referring to, relying on, or disclosing to any entity any information or Documents produced as a Discovery Response, subject to the terms hereof.

35. This Protective Order may not be deemed a waiver by any Party of its rights to object to any Discovery Request on any of the grounds provided for by the Federal Rules of Civil Procedure or substantive law, including on grounds of confidentiality, or otherwise.

36. Any Party may apply for modification of this Protective Order upon reasonable notice to all other Parties and after counsel for the Party seeking modification has contacted counsel for all other Parties to attempt to resolve the issue through informal negotiation.

37. Absent a written agreement between or among all the Parties that have produced Protected Material in the Litigation or further order of this Court, this Protective Order shall survive the final disposition of the Litigation and will continue to be binding on all Parties.

38. In the event any individual or entity subject to the provisions of this Protective Order shall violate or threaten to violate any provision of this Protective Order, any aggrieved Party or non-party that produced or designated the Protected Material at issue may immediately apply to this Court to obtain injunctive relief against any person violating or threatening to violate any terms of this Protective Order and, in the event the aggrieved person shall do so, the respondent person subject to the provisions of this Protective Order shall not assert as a defense the claim that the aggrieved person possesses an adequate remedy at law.

39. In the event any person or entity not authorized by this Protective Order to receive Protected Material seeks disclosure of Protected Material from a Party through lawful subpoena,

demand by governmental authority, or other legal process, the Party receiving that subpoena, demand, or legal process shall immediately notify by (i) e-mail and (ii) overnight mail or hand delivery the Party that produced or designated the Protected Material as to which disclosure is sought.  Provided that notice is properly sent to a Party that produced or designated the Protected Material, it will be that Party's responsibility to object to or contest the subpoena, demand, or legal process.  The Party receiving the subpoena shall not produce the Protected Material until the Party that produced or designated the Protected Material has had reasonable time to take appropriate steps to protect the material.  It shall be the responsibility of the Party that produced or designated the protected material to obtain relief from the subpoena or order prior to the due date for compliance.  To give the Party that produced or designated the Protected Material an opportunity to obtain such relief, the Party from whom such Protected Material is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order, unless the Party that produced or designated the Protected Material waives compliance with this Protective Order prior to the due date.

40. Any communications in connection with or required by this Protective Order shall be made to counsel of record for the Party.

41. This Court retains jurisdiction over all Parties and their counsel in the Litigation for purposes of contempt proceedings or any other proceedings arising from any violation of this Protective Order.

SO STIPULATED AND AGREED.

Dated: November 3, 2023

| /s/ John N. Ellison | /s/ Daniel McNeel Lane, Jr. |
|---|---|
| John N. Ellison | Daniel McNeel Lane, Jr. |
| Anthony B. Crawford | 300 Convent Street, Suite 2200 |
| 599 Lexington Avenue | San Antonio, Texas 78205 |

New York, NY  10022
jellison@reedsmith.com
acrawford@reedsmith.com
(212) 205-6063

*Attorneys for Plaintiffs, Menchies Group, Inc.*

Tel.: (210) 224-5575
neel.lane@nortonrosefulbright.com

*Attorney for Defendant,
Houston Casualty Company*

Dated: November __14__, 2023

SO ORDERED:

_____
MARY KAY VYSKOCIL
United States District Judge

- 14 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MENCHIES GROUP, INC.,  Plaintiff,  vs.  MASSACHUSETTS BAY INSURANCE COMPANY and HOUSTON CASUALTY COMPANY,  Defendants. | Case No. 1: 22-cv-04237-MKV  **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Protected Material that have been designated as "CONFIDENTIAL." I agree that I will not disclose such Protected Material to anyone other than for purposes of this Litigation and that at the conclusion of this Litigation I will delete all Protected Material or return it to the Party or counsel from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____